**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BURBERRY LIMITED, a United Kingdom Corporation, and BURBERRY LIMITED, a New York Corporation, <br><br>     Plaintiffs, <br><br>     v. <br><br> PERRY MOISE, <br><br>     Defendant. | Civil Action No. _____ |

**VERIFIED COMPLAINT**

Plaintiffs Burberry Limited, a United Kingdom Corporation, and Burberry Limited, a New York Corporation (together, "Burberry"), by and through their attorneys of record, file this Complaint against Defendant Perry Moise ("Defendant"), and, in support thereof state and allege as follows:

**NATURE OF THIS ACTION**

1.     This is a case of willful trademark infringement and dilution of the famous BURBERRY trademarks by a musical artist using the stage name "Burberry Perry." Admittedly inspired by Burberry and its trademarks—which have been used exclusively and continuously by Burberry and its authorized licensees for 160 years—Defendant adopted "Burberry Perry" as his stage name, without the authorization of Burberry, and is using the fame and renown of the BURBERRY trademark for his own personal gain, to promote his albums, garner media attention, and grow a fan base, all to the detriment of Burberry. Defendant *also* copied Burberry's other famous and immediately recognizable trademarks, including its BURBERRY CHECK and EQUESTRIAN KNIGHT DEVICE trademarks (as defined below), on album art for

his first solo album, a "self-titled" EP, the "Burberry Perry" album. And on that album art, in a further attempt to evoke Burberry and suggest an association with it, Defendant mimics the stylized BURBERRY logo used by Burberry and its authorized partners when displaying the BURBERRY name, including on Burberry's own "BURBERRY ACOUSTIC" and "Live from Burberry" album covers, which Burberry released as part of its many music-driven projects and campaigns.

| *Burberry's Famous Trademarks* | *Defendant's Infringing Artwork* |
|---|---|



2.      On multiple occasions, Burberry attempted to contact Defendant (even reaching out to his management company) to request that Defendant cease and desist from all uses of the BURBERRY word mark and all other Burberry trademarks. Unfortunately, Defendant failed to comply with Burberry's reasonable requests.

3.      Instead, Defendant has indicated on his @BurberryPerry Twitter account that he will release new music "before August," and plans to perform in a 25-city tour across the United

States and in Canada in August and September 2016 as "Burberry Perry," thus necessitating the present action, and Burberry's request for immediate injunctive relief.

4.     Defendant's ongoing, unauthorized, and pervasive use of the distinctive and famous BURBERRY name and related trademarks is a clear attempt to trade off of the fame and goodwill cultivated by Burberry.  His use of Burberry's trademarks is undoubtedly causing, and will continue to cause, consumers to mistakenly believe that Defendant is affiliated with, endorsed or sponsored by, or somehow connected to Burberry, when he is not, and will dilute and tarnish the value of Burberry's famous trademarks if unabated.  Defendant is not connected or affiliated with Burberry, nor does he have permission from Burberry to use the BURBERRY name, or any of Burberry's trademarks.

5.     For these and other reasons, Defendant's infringement has caused and, unless immediately enjoined, will continue to cause, irreparable injury to Burberry and to the substantial goodwill and reputation it has developed in its famous Burberry brand and trademarks.  Thus, Burberry brings this action seeking immediate injunctive relief.

## PARTIES

6.     Burberry Limited is a corporation duly organized and existing under the laws of the United Kingdom with a principal place of business at Horseferry House, Horseferry Road, London SW1P 2AW, United Kingdom.

7.     Burberry Limited is a corporation duly organized and existing under the laws of New York with a principal place of business at 444 Madison Avenue, New York, NY 10022. Burberry has six retail locations in New York, including its flagship location on 57th Street in Manhattan.

3

8.    On information and belief, Defendant Perry Moise is an individual who travels around the country—including to New York City—and temporarily resides at different places around the country at different periods of time.  On information and belief, Defendant's last known address is 109 Windward HLS, McDonough, GA 30252-5989.

## JURISDICTION AND VENUE

9.    Burberry files this action against Defendant for trademark infringement and trademark dilution under the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), and for unfair competition, dilution and injury to business reputation, and trademark infringement under the statutory and common law of the State of New York.

10.    Subject matter jurisdiction over this Complaint arises under Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a), and Sections 1331 (federal question jurisdiction), 1338(a) (trademark infringement), and 1367(a) (supplemental jurisdiction over state law claims) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a).

11.    This Court has specific personal jurisdiction over Defendant because a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and elsewhere in the state of New York.  For example, on or about July 19, 2016, Defendant promoted and attended the premiere of a short documentary titled "Keep Sailing" at the Regal Cinemas Union Square located at 850 Broadway, New York, NY 10003.  Attached hereto as Exs. 1 and 2, are true and correct copies of screenshots from Instagram and thefader.com, respectively.  The film documents Defendant's musical partnership with recording artist "Lil Yachty" and Defendant's role in Lil Yachty's rise from internet fame to mainstream success. Attached hereto as Ex. 3 is a true and correct copy of a screenshot from thefader.com.  Defendant is introduced in the documentary, and listed in the documentary's song credits as, "Burberry

4

Perry."  Attached hereto as Ex. 4 is a true and correct copy of screenshots from YouTube.  The documentary, which also debuted a new Lil Yachty song featuring Defendant as "Burberry Perry," promotes Defendant's music under his "Burberry Perry" stage name, and is available for streaming via FADER magazine's YouTube channel. *Id.*; Ex. 3.  On or about the same day of July 19, 2016, Defendant promoted the documentary during a live Q&A interview with FADER magazine at the Pier 66 Maritime, located on the Hudson River at 26th Street in Manhattan. Attached hereto as Ex. 5 is a true and correct copy of a screenshot from Twitter.  The Q&A was broadcast live on The FADER's Facebook page, after which it was made available to consumers throughout the United States, including to consumers in New York.  Attached hereto as Ex. 6 is a true and correct copy of a screenshot from Facebook.

12.    Defendant has made several other public appearances in this judicial district under the moniker "Burberry Perry."   In particular, Defendant has performed at New York concert venues alongside "Lil Yachty" on at least the following occasions:

    a.  on or about February 23, 2016 at Webster Hall located at 125 E 11th St, New York, NY 10003 (Attached here to as Ex. 7 is a true and correct copy of a screenshot from www.nytimes.com);

    b.  on April 25, 2016 at the VFILES boutique located at 12 Mercer St, New York, NY 10013 (Attached hereto as Exs. 8 and 9 are true and correct copies of screenshots from YouTube and vfiles.com, respectively);

    c.  on or about May 2, 2016 at the PlayStation Theater located at 1515 Broadway, New York, NY 10036 (Attached hereto as Exs. 10 and 11 are true and correct copies of screenshots from imc.ulximg.com and Twitter, respectively); and

d.  on or about June 28, 2016 at the PlayStation Theater (Attached hereto as Ex. 12 is a true and correct copy of a screenshot from Instagram).

13.     In addition, Defendant offers for sale, advertises, and distributes the "Burberry Perry" album, and promotes his music production services, on the internet through multiple social media platforms which are accessible to consumers in this judicial district under the "Burberry Perry" name.  Defendant's music is available throughout the United States, including to consumers in New York, through subscription-based services such as Apple Music and Spotify, as well as free online music streaming services such as SoundCloud and YouTube.

14.     The Court also has specific personal jurisdiction over Defendant pursuant to N.Y. C.P.L.R. § 302(a)(3)(ii) and the Due Process Clause because Defendant has committed willful acts of trademark infringement, trademark dilution, and unfair competition, that have caused, and continues to cause, injury to Burberry—a New York corporation—within the State of New York, by infringing Burberry's trademarks.   On information and belief, Defendant's concert performances throughout the country, features and production credits on other artists' albums, and publicized launch of the "Burberry Perry" album, have all led to substantial revenue to Defendant via sales of products and services in interstate commerce.

15.     Venue is proper in this District under Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and (c), because Defendant's acts of infringement have taken place and are continuing to take place in this District such that a substantial part of the events giving rise to Burberry's claims have occurred in this District, and because Defendant is subject to personal jurisdiction with respect to this action.

## FACTS

### Burberry's Adoption and Longstanding Use of The Famous BURBERRY Trademarks

16.     Burberry is a global luxury brand with a distinct heritage and reputation of design, innovation, and craftsmanship.  Burberry's iconic products are sold globally through its own retail stores and website, Burberry.com, and through authorized third-party retailers.

17.     Burberry's corporate heritage is rooted in Basingstoke, United Kingdom, where Mr. Thomas Burberry first opened an outfitters shop in 1856.  Burberry and its predecessors-in-interest have used the BURBERRY name and trademark since that time, and BURBERRY® has been a registered trademark on the Principal Register of the United States Patent and Trademark Office ("PTO") since August 6, 1929.

18.     For well over a century, Burberry has sold and rendered products and services under and in connection with its principal BURBERRY® name, and has long-used its BURBERRY name, along with its distinctive check trademarks (referred to collectively herein as the "BURBERRY CHECK" trademark), and the Burberry equestrian knight on horseback trademark (the "EQUESTRIAN KNIGHT DEVICE" trademark"), among others (collectively, the "Burberry Trademarks"), as its core branding element in connection with the sale of a wide variety of goods and services, including music, entertainment, apparel, and accessories.

19.     In 1901, Burberry introduced its EQUESTRIAN KNIGHT DEVICE trademark, which features a knight on horseback. The EQUESTRIAN KNIGHT DEVICE trademark is a prominent design element featured throughout Burberry's business and has been used on numerous Burberry products.

20.     In the 1920s, the BURBERRY CHECK trademark was introduced by Mr. Burberry's company.  The BURBERRY CHECK trademark has been used on various

Burberry merchandise over the years, including, for example, clothing, leather goods, scarves, accessories, and other items. The BURBERRY CHECK trademark has been continuously used in both the original colors of red, camel, black and white, as well as other color combinations for over three quarters of a century.

21.    While Burberry is perhaps most well-known for selling apparel and accessories, it conducts business in other industries under the famous Burberry Trademarks, including the entertainment and music industries, where its music offerings are highly regarded around the globe. In 2010, Burberry launched BURBERRY ACOUSTIC, a platform that provides music and exclusive videos from emerging artists who are carefully selected by Burberry. As explained in more detail below, Burberry has continuously used the Burberry Trademarks in connection with the sale, distribution, and advertising of music since that time.

22.    One or more of the Burberry Trademarks, including in particular the BURBERRY word trademark, appear on all of Burberry's products. The Burberry Trademarks are closely and uniquely associated with Burberry and have come to symbolize the high quality that consumers expect from Burberry as the source of such products. Accordingly, Burberry enjoys strong consumer loyalty, recognition, and goodwill in the Burberry Trademarks.

23.    Burberry maintains strict quality control standards for all of its goods and services and closely monitors the use of the Burberry Trademarks to protect its exclusive trademark rights and brand identity.

**The Wide Recognition and Fame of the Burberry Trademarks**

24.    Burberry has invested significant time, energy, and money in the advertising, promotion, and offering of its goods and services, including music, under the Burberry Trademarks. The BURBERRY trademark is also prominently featured throughout Burberry's

business, including on business cards, letterhead, storefronts, communications, and in all manner of advertising.  As a result, the Burberry Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Burberry and have become among the most famous trademarks in the United States and around the world for such products.  *Burberry Ltd. v. Euro Moda, Inc.*, No. 08 Civ. 5781 (CM), 2009 WL 1675080, at *12 (S.D.N.Y. June 10, 2009) (holding that the Burberry Trademarks are famous due to Burberry's strong retail and prominent advertising presence, substantial sales revenue, and brand recognition in the United States).

25.    Burberry products have also become among the most popular in the world, with Burberry's global revenue reaching over £2.5 billion in the 2015/16 year alone.  Attached hereto as Ex. 13 is a true and correct copy of a screenshot from the 2015/16 Burberry Annual Report. Burberry has a strong retail presence in the United States—operating 80 retail and outlet stores, and also selling its merchandise in department stores and online at Burberry.com.  Burberry's U.S. website receives hundreds of thousands of visitors per week.

26.    As a "young, old" company Burberry has always looked to the past and its longstanding traditions while also embracing innovation, celebrating anew the timeless and authentic products that embody the brand. Burberry has been at the forefront of social media marketing, bringing high quality content and experience reflecting its values of craftsmanship, innovation, design, and creativity to consumers on new online platforms.  Digital commerce plays a significant role in Burberry's global revenue, especially in the United States.  In 2013, Burberry's Autumn/Winter womenswear show was streamed live on its @Burberry Twitter feed for the first time, allowing followers to embed the show stream in personal newsfeeds.  Burberry similarly streamed its Burberry Prorsum Menswear runway show in June 2013 on the social

video sharing application Vine.  Attached hereto as Ex. 14 is a true and correct copy of a screenshot from convinceandconvert.com.  In April 2015, it premiered its account on Periscope, a live streaming application that launched only a month prior, with live uninterrupted broadcast of the "London in L.A." event experience, as well as its account on Snapchat, an ephemeral messaging application that similarly allows the sharing of live video content.  Attached hereto as Ex. 15 is a true and correct copy of a screenshot from Burberry.com.  Burberry shared its journey leading to the "London in L.A." event on Snapchat, including live arrivals on the red carpet and front row reactions.  *Id*.  Burberry reported over 100 million impressions on Snapchat and Periscope that day.  Attached hereto as Ex. 16 is a true and correct copy of a screenshot from thedrum.com.  Burberry continues to interact with its consumers and promote its brand on Apple Music, Twitter, Facebook, Instagram, Snapchat, Periscope, and Vine, among other social media platforms.

27.     Burberry has a strong media presence, and is frequently covered by fashion blogs, magazines, and newspapers.  Burberry advertises its products featuring the Burberry Trademarks through a variety of national and global media outlets, including television, print media, and the internet.   Burberry's advertisements routinely appear nationwide in popular American publications, including *Vogue*, *Glamour*, *W*, *and Vanity Fair*.  BURBERRY ACOUSTIC and Burberry's Apple Music channel have been particularly praised in the press and by their users.  Attached hereto as Exs. 17-20 are true and correct copies of screenshots from wave.wavemetrix.com,  blog.tunedglobal.com,  drapersonline.com,  and  huffingtonpost.com, respectively.  WaveMetrix Ltd., a company that monitors social media strategies, reported that "consumers 'thank Burberry' for sharing the 'quality music' on BURBERRY ACOUSTIC and 'providing us with great new artists.'"  Attached hereto as Ex. 21 is a true and correct copy of an

excerpt from the 2014-15 Burberry Annual Report. It also found that consumers "praise the 'wonderful' music that 'should be released on an album.'" *Id.*

28.     Social media platforms are constantly active with buzz about Burberry, with fans posting photos of recent purchases, engaging with Burberry's multiple social media platforms, and commenting on current and future collections and BURBERRY ACOUSTIC artists. Burberry is one of the most followed luxury brands on social media, with over 17 million fans on Facebook, over six million followers on Twitter, over seven million followers on Instagram. *Id.* Attached hereto as Exs. 22-24 are true and correct copies of screenshots from Twitter, Instagram, and Facebook, respectively.

29.     Burberry products are particularly popular among celebrities and other influencers, including those in the music industry.

30.     Burberry has been recognized for both its creative and commercial leadership, receiving many awards and accolades.  In the last two years alone, Burberry was (i) featured in over 400 global magazine covers; (ii) recognized by Fast Company as the seventh most innovative brand in retail; (iii) listed in Interbrand's "Top 100 Global Brands" for the seventh consecutive year and ranked as the strongest UK luxury brand globally; (iv) awarded Creative Campaign of the year at the 2015 British Fashion Awards; and (v) ranked the sixth most powerful brand globally in the "Global 500" report published by Brand Finance.   Ex. 21. Attached hereto as Ex. 25 is a true and correct copy of an excerpt from the 2015/16 Burberry Annual Report.  In addition, Burberry's Chief Creative and Chief Executive Officer Christopher Bailey was awarded "Designer of the Year" at the British GQ "Men of the Year Awards." Ex. 21.

31.     As a result of Burberry's extensive use and promotion of its brand, the Burberry Trademarks have acquired considerable value and recognition, are symbols of Burberry's famous quality, reputation, and goodwill, and serve as instant source-identifies for Burberry's products and services.

32.     In addition to Burberry's strong common law rights, Burberry owns numerous federal trademark registrations, many of which are incontestable, for the Burberry Trademarks, and similar variations thereof, in connection with of a wide variety of goods and services, including music, entertainment, apparel, and accessories, as shown below:

| Mark | Status | Goods/Services |
|---|---|---|
| **BURBERRY** | Reg. No. 260,843<br>First Use:  1910<br>Reg. Date 08/27/1929 | 25:  Clothing, namely, coats and topcoats for men, women, and children. |
| BURBERRY | Reg. No.  4,212,001<br>Reg. Date:  09/25/2012 | 9:  Visual and audio recordings featuring music, video, animation, voice, still photography; digital music downloadable from the internet;<br>40:  Custom manufacture of clothing;<br>41:  Entertainment services, namely, production and online distribution of sound, music, and video recordings in the fields of music and fashion; providing non-downloadable music and video recordings in the fields of music and fashion for others via a global computer network; production and distribution of videos in the fields of music and fashion;<br>42:  Design of clothing and fashion accessories for others. |
| **BURBERRY** | Reg. No.  1,133,122<br>First Use:  03/1970<br>Reg. Date:  04/15/1980 | 18:  Handbags, leather briefcases, pocket wallets, umbrellas. |

12

| Mark | Status | Goods/Services |
|---|---|---|
| BURBERRY | Reg. No. 3,879,249<br>Reg. Date: 11/23/2010 | 25: Articles of outer clothing; headwear; footwear; ties; wraps; scarves; gloves. |
| BURBERRY | Reg. No. 3,898,440<br>Reg. Date: 01/04/2011 | 24: Woven materials and textile goods. |
| **BURBERRY** | Reg. No. 2,624,684<br>First Use: 1891<br>Reg. Date: 09/24/2002 | 35: Retail store services featuring clothing, watches, sunglasses, accessories, shoes, luggage, leather goods, and fragrance. |
| BURBERRY | Reg. No. 2,875,336<br>First Use: (CL 09) 1987<br>(CL 14) 1984<br>Reg. Date: 08/17/2004 | 9: Sunglasses;<br>14: Watches, jewelry. |
| BURBERRY | Reg. No. 4,714,346<br>Reg. Date: 04/07/2015 | 9: Accessories for telephones, mobile telephones and mobile electronic devices, cases and holders for telephones, mobile telephones and mobile electronic devices. |
|  | Reg. No. 2,015,462<br>First Use: 01/1994<br>Reg. Date: 11/12/1996 | 25: Socks |
|  | Reg. No. 2,022,789<br>First Use: (CL 18) 1969<br>(CL 25) 1996<br>Reg. Date: 12/17/2016 | 18: Suitcases<br>25: Clothing for men and women, namely, scarves, pullovers, cardigans, sweaters, overcoats, raincoats, shirts, belts; slippers for men. |

| Mark | Status | Goods/Services |
|---|---|---|
|  | Reg. No.  3,529,814<br>Reg. Date:  11/11/2008 | 24:  Blankets, throws, handkerchiefs, belts, bags, cases, holders and key rings, umbrellas, watches, jewelry, towels, blankets, throws;<br>25:  Coats, rainwear, ponchos, jackets, jumpers, sweaters, blouses, shirts, polo shirts, t-shirts, dresses, skirts, trousers, jeans, shorts, headwear, footwear<br>35:  Retail store services in the fields of clothing, accessories, footwear, headgear, luggage, leather goods, timepieces, jewelry, eyewear and fragrances. |
|  | Reg. No.  4,123,508<br>Reg. Date:  04/10/2012 | 9:  Telephones, mobile telephones, mobile electronic devices, and accessories for the foregoing |
|  | Reg. No.  1,241,222<br>First Use:  03/01/1923<br>Reg. Date:  06/07/1983 | 25:  Coats, top coats, jackets, trousers, slacks, waistcoats, skirts, capes, hats, bonnets, berets, shirts, scarves, shawls and blouses. |

14

| Mark | Status | Goods/Services |
|------|--------|----------------|
|  | Reg. No.  2,845,852<br>First Use: 1987<br>Reg. Date:  05/25/2004 | 9:  Sunglasses, spectacles, optical glasses; fitted frames and lenses for the aforesaid goods; cases and holders for the aforesaid goods; carrying cases and holders for portable computers and mobile telephones. |
|  | Reg. No.  2,612,272<br>First Use:  04/1995<br>Reg. Date:  08/27/2002 | 35:  Retail store services in the fields of clothing, accessories, shoes, luggage, leather goods and fragrances. |
|  | Reg. No.  2,728,709<br>First Use:  1924<br>Reg. Date:  06/24/2003 | 24:  Fabrics for use in the manufacture of clothing, underclothes, swimwear. |
|  | Reg. No.  2,732,617<br>First Use:  (CL 18)1969<br>(CL 25) 1923<br>Reg. Date:  07/01/2003 | 18:  Articles of luggage<br>25:  Articles of outer clothing, ties, belts, wraps, scarves, shawls and stoles, gloves. |

| Mark | Status | Goods/Services |
|------|--------|----------------|
|  | Reg. No.  863,179<br>Reg. Date:  01/07/1969 | 25:  Coats, topcoats, jackets, suits, trousers, slacks, shorts, overalls, skirts, hats, neckties, stockings, socks, belts, boots, shoes, slippers, sandals, gloves, shirts, pajamas, cardigans, sweaters, pullovers, scarves, blouses. |
|  | Reg. No.  1,622,186<br>Reg. Date:  11/13/1990 | 9:  Sunglasses; spectacles; frames and lenses. |
|  | Reg. No.  4,036,908<br>Reg. Date:  10/11/2011 | 9:  Telephones, mobile telephones, mobile electronic devices, and accessories for the foregoing. |
|  | Reg. No.  3,766,097<br>Reg. Date:  03/30/2010 | 24:  Textiles and textile goods |

| Mark | Status | Goods/Services |
|---|---|---|
|  | Reg. No. 1,903,508<br>First Use: 1929<br>Reg. Date: 07/04/1995 | 14: Watches and parts therefor; bracelets for wrist watches; jewelry; costume jewelry; tie pins and cuff links. |

33.     The above-identified registrations are valid, subsisting, and in full force and effect, and many have become incontestable pursuant to 15 U.S.C. § 1065. True and correct copies of the federal trademark registration certificates for the above-referenced Burberry Trademarks are attached hereto as Ex. 26.

**Burberry's Enduring Passion for Music and Strong Association with the Music Industry**

34.     Burberry has a long history of working with musical artists and others in the music industry to enhance and promote its products and brand. Burberry's passion for music and digital innovation are equally as relevant to its contemporary brand identity as its pride and reputation in the quality craftsmanship of its products and rich heritage. Burberry maintains a full-time music team to help foster its ever-growing, and celebrated association with the music industry. Attached hereto as Ex. 27 is a true and correct copy of a screenshot from theguardian.com.

35.     In 2010, Burberry created BURBERRY ACOUSTIC, a digital platform that offers music fans access to emerging artists through videos available for streaming on the Burberry website, https://us.burberry.com/acoustic, and the Burberry YouTube channel. Ex. 20. Attached hereto as Ex. 28 is a true and correct copy of a screenshot from YouTube. The platform provides acoustic sets by BURBERRY ACOUSTIC artists outfitted in Burberry clothing, filmed

17

exclusively for Burberry, as well as exclusive interviews with BURBERRY ACOUSTIC artists. Attached hereto as Ex. 29 is a true and correct copy of a screenshot from Burberry.com.  To date, nearly 100 performances have been commissioned, curated and filmed by Burberry, achieving over 19 million views on YouTube.  *Id.*  BURBERRY ACOUSTIC has showcased artists and groups from a variety of musical genres including Jake Bugg, Allison Moyet, and Blaenavon. BURBERRY ACOUSTIC emphasizes authentic and high quality music that reflects the brand's reputation for superior craftsmanship in its other product offerings.  BURBERRY ACOUSTIC artists are handpicked by Burberry's Chief Creative and Chief Executive Officer Christopher Bailey and Burberry's music team.  Attached hereto as Ex. 30 is a true and correct copy of a screenshot from oystermag.com.

36.     In September 2015, Burberry became the first global brand to launch its own dedicated channel on Apple Music.  Ex. 29.  The Burberry channel is available to subscribers of Apple's $9.99/month streaming music service.   Housed in the "Curators" section of Apple Music, Burberry's channel showcases Burberry's unique collaborations with emerging and iconic artists, featuring performances, songs, and films alongside regular playlists celebrating great musical talent past and present.  *Id.*  Attached hereto as Ex. 31 is a true and correct copy of a screenshot from the Apple Music iPhone application.  The care with which Burberry curates its music offerings reflect the same strict quality control standards it applies to all of its products. The launch of Burberry's Apple Music channel has garnered substantial media coverage. Attached hereto as Exs. 32-37 are true and correct copies of screenshots from theverge.com, nytimes.com, fortune.com, nymag.com, fashionista.com, and appleinsider.com, respectively. In March 2016, Burberry exclusively curated a 15 track playlist for Parisian retail fashion destination Colette on its Apple Music channel.  Attached hereto as Ex. 38 is a true and correct

copy of a screenshot from Yahoo.com.  The playlist, which debuted at the start of Paris Fashion Week, consisted of carefully selected songs by famed artists such as David Bowie and The Rolling Stones, as well as live music by emerging artists recorded for BURBERRY ACOUSTIC and Burberry's runway shows and events.  *Id.*

37.    Burberry invites musicians to feature in its campaigns, including singers John Epstein, Tom Atkin, Edward Larrikin, and Kieran Webster in its Autumn/Winter 2007 campaign, singer George Craig in its Spring/Summer 2010 campaign, musician Roo Panes in its Autumn/Winter 2012 campaign, and singer and songwriter Sir Elton John and musicians James Bay and George Ezra in its 2015 Festive Campaign.  Attached hereto as Exs. 39-42 are true and correct copies of screenshots from Burberry.com.

38.    Live music performances are a common feature of Burberry fashion shows and events.  Burberry pairs fashion with live music to heighten the experience and make the clothes come to life.  Attached hereto as Ex. 43 is a true and correct copy of a screenshot from rollingstone.com. For example, at the "London in L.A." event held in April 2015 at the Los Angeles Griffith Observatory, Burberry showed its Autumn/Winter 2015 collection alongside live performances by artists George Ezra, Tom Odell, Claire Maguire, and Benjamin Clementine. Attached hereto as Ex. 44 is a true and correct copy of a screenshot from Burberry.com.  In 2014, Mr. Bailey personally selected James Bay to perform during Burberry's Spring/Summer 2015 show.   Attached hereto as Ex. 45 is a true and correct copy of a screenshot from glamourmagazine.uk.co.  Mr. Bailey and others at Burberry make a point to keep their ear to the ground for new music worthy of serving as the soundtrack for upcoming Burberry collections. *Id.* The live tracks from the runway shows are available to download from the iTunes Store and for online streaming on Spotify as "Live for Burberry" albums.  Attached hereto as Exs. 46-50

are true and correct copies of screenshots from itunes.apple.com, the iTunes Store iPhone application, and Spotify.com.

39.     The artists that Burberry has previously chosen to feature in one of its many music-driven projects and campaigns have enjoyed success in the music industry.   In fact, *Rolling Stone* magazine observed that Burberry "operates much like a well-curated record label" and has "fostered as many young musicians' careers as models'," including pop eclecticist Patrick Wolf and retro rock band Ramona, whose profiles Burberry raised "enormously."   Ex. 43.  Similarly, James Bay was shortlisted for the BRITs 2015 Critics' Choice Award, performed at sold-out shows, and released a new album the same year Burberry tapped him to play at its Spring/Summer 2015 show.   Ex. 45.  Music collaborations with Burberry are especially rewarding for young and upcoming artists such as singer RHODES.  Reviews on the iTunes page for RHODES' "Live For Burberry" EP demonstrates how Burberry helped spread RHODES' music to Burberry's broad global audience.  For example, iTunes user ThommyUSA wrote, "I honestly brought this whole album because of the show! I always liked the acoustic feel that Burberry adds to the shows." Ex. 46.

40.     Burberry's passion for the intersection of music and fashion is also seen in its frequent styling collaborations with artists such as Grammy Award-winning Adele. Burberry recently created a custom, hand-embroidered, sequined dress for Adele's current *25* world tour. Adele will wear the Burberry dress for each and every concert on her tour.  Attached hereto as Ex. 51 is a true and correct copy of a screenshot from whowhatwear.com.

41.     Like the majority of Burberry's other products, all of Burberry's music and entertainment services are marketed and provided under the inherently distinct Burberry Trademarks.   As a result of Burberry's careful selection of musicians and music projects,

Burberry has maintained the same goodwill and prestige in the Burberry Trademarks in connection with music and entertainment as it has cultivated with the Burberry brand as a whole.

**Defendant's Unlawful Adoption of the "Burberry Perry" Stage Name and Use of the Famous Burberry Trademarks**

42.    Defendant is a producer and musical artist working primarily in the music genres of hip hop, rap, and "trap," and the "go-to" producer for friend and rising recording artist Miles McCollum, who is known as "Lil Yachty" or "Lil Boat."  Ex. 3.  Attached hereto as Ex. 52 is a true and correct copy of a screenshot from mishkanyc.com.

43.    Defendant adopted the name "Burberry Perry" in connection with his services as a music producer and music artist, and his sales of music albums, which portray infringing artwork.  Upon information and belief, "Father Nico," an individual who works as the Art Director for several music artists, created the artwork for the "Burberry Perry" album.  Attached hereto as Ex. 53 is a true and correct copy of a screenshot from Twitter (*see* p. 17).

44.    On or about May 4, 2016, Defendant launched the infringing "self-titled" "Burberry Perry" album for streaming on SoundCloud.  Defendant promoted his "Burberry Perry" album on at least Instagram and Twitter:



Attached hereto as Ex. 54 is a true and correct copy of a screenshot from Instagram.

45.    As shown above, Defendant is also using the ® symbol, misleadingly making it appear to the public that he owns exclusive and federally registered rights to the name "Burberry Perry."

46.    Defendant's friends also promoted Defendant's unauthorized "Burberry Perry" album by posting similar images of the infringing artwork to their widely followed social media pages.  Attached hereto as Ex. 55 is a true and correct copy of a screenshot from Twitter.

47.    To further promote his music and persona, Defendant posted from his unauthorized @BurberryPerry Twitter account, a tweet announcing the release of the "Burberry Perry" Album, and thanking Lil Yachty, reality television star Kylie Jenner, singer and model Justine Skye, and model Jordyn Woods for participating on the album.  Defendant included these celebrities on his song "Beautiful Day," which remixes the Mister Rogers' Neighborhood theme

song with Defendant's beats and lyrics.  Ex. 53, at 2.  Defendant's release of "Beautiful Day" on

the "Burberry Perry" album caused a social media firestorm about whether Kylie Jenner rapped

Defendant's lyrics, "I wish a f*ck n*gga would, yeah."  Media and the public-at-large criticized

the album, noting Defendant's extensive use of profanity and autotune.  Attached hereto as Exs.

56-60 are true and correct copies of screenshots from dailymail.co.uk, capitalfm.com,

inoutstar.com, genius.com.  Media warned of Defendant's "swearing and offensive language,"

calling it "very NSFW" (which is a reference to "Not Suitable For Work").  Exs. 56-60.  In

addition, various online publications included photos of the infringing artwork, and/or embedded

links to listen to the album directly into the article, exponentially increasing the public's

exposure to Defendant's unauthorized exploitation of the Burberry Trademarks. Attached hereto

as Exs. 61-64 are true and correct copies of screenshots from noisey.vice.com, billboard.com,

hotnewhiphop.com, and tinymixtapes.com, respectively.

48.    Defendant has also displayed blatantly infringing copies of the BURBERRY,

BURBERRY CHECK, and EQUESTRIAN KNIGHT DEVICE trademarks in his "User Profile"

on the SoundCloud website:



Attached hereto as Ex. 65 is a true and correct copy of a screenshot from SoundCloud.com.

49.     Defendant's use of "Burberry Perry" is intentionally and directly inspired by Burberry, which Defendant freely admitted during a live Periscope[1] broadcast on July 9, 2016. Attached hereto as Ex. 66 is a true and correct copy of a video captured from Periscope at: https://www.periscope.tv/BurberryPerry/1YqxoZDApBlJv (*see* 15:27-34).   In particular, when a Periscope user asked him how he got the name "Burberry Perry," Defendant explained: "I used to walk around with this Burberry scarf and one of my friends started calling me 'Burberry Perry.'"  *Id.*

50.     Indeed, Defendant has long been a fan of Burberry's clothing and accessories. Defendant's affection for Burberry and his intent to be associated with the brand is well-documented in images of Defendant wearing Burberry clothing—many of which Defendant posted to the internet himself.   For example, in a photo Defendant posted to Instagram and Twitter, Defendant is shown lifting his striped Burberry polo shirt to further show off the waistband of his Burberry boxers, labeled with the famous BURBERRY trademark.   Attached hereto as Ex. 67 is a true and correct copy of a screenshot from Instagram. There is no question that Defendant is proud of his Burberry products and aspires to make the luxury brand a part of his public image.

51.     As noted, Defendant also uses the "Burberry Perry" name to produce music for other recording artists such as "Lil Yachty" and "Wintertime Zi" (also known as "Wintertime" or "Winter").   Ex. 65.   For example, Defendant is given production credit as "Burberry Perry" for several songs on Winter and Lil Yachty's album, "Hey Honey Lets Spend Wintertime On A Boat," and Lil Yachty's album, "Lil Boat The Mixtape."   *Id.*   "Burberry Perry" is also listed as

---

[1] Periscope is a live streaming application that allows users to broadcast and watch live videos from around the world.  Periscope users can send messages to a live broadcaster.

featured on two songs on "Lil Boat The Mixtape." *Id.* Both albums are available to a wide audience on SoundCloud, and "Lil Boat The Mixtape" is available for streaming on Spotify and Apple Music, as well as for purchase in the iTunes Store. *Id.* Attached hereto as Exs. 68-70 are true and correct copies of screenshots from the Apple Music iPhone application, itunes.apple.com, and Spotify.com, respectively. Defendant and Lil Yachty created an official music video for the song "Wanna Be Us," featuring "Burberry Perry." Attached hereto as Ex. 71 is a true and correct copy of a screenshot from YouTube. The video is available on Lil Yachty's YouTube channel and has over 3.5 million views. *Id.* On July 19, 2016, Defendant participated in the debut of Lil Yachty's "Summer Songs 2" album, in which Defendant is featured on three songs under the "Burberry Perry" name. Attached hereto as Ex. 72 is a true and correct copy of a screenshot from the Apple Music iPhone application. The "Summer Songs 2" launched exclusively on Apple Music, and in conjunction with the premiere of the "Keep Sailing" documentary—yet another promotional piece that credits Defendant as "Burberry Perry." *Id.* Ex. 3.

52.     On information and belief, Defendant has also advertised his music services, and sold music beats to others under the "Burberry Perry" name, through his @BurberryPerry Twitter account and Gmail address burberryperry@gmail.com. Attached hereto as Exs. 73-75 are true and correct copies of screenshots from Twitter.

53.     Defendant's infringement across social media platforms, which he uses to promote his music and music production services, is pervasive and appears on at least the following websites: SoundCloud, through the username BurberryPerry; Twitter, through the handle @BurberryPerry; Instagram, through the handle @thegoodperry; Snapchat, through the username "burberryperry1"; Facebook, through the "Burberry Perry" "Producer" profile, as well

as the "Burberry Music" "Record Label" profile; Periscope, through the username "BurberryPerry"; and on Gmail, through the e-mail address burberryperry@gmail.com.  Exs. 53; 54; 65.  Attached hereto as Exs. 76-79 are true and correct copies of screenshots from Facebook and Periscope.

54.     Further, Defendant has traveled throughout the United States, including to New York, Chicago, Los Angeles, Santa Ana, and the Twin Cities on tour with Lil Yachty and their group of friends referred to as "The Sailing Team," to perform under the "Burberry Perry" name. Attached hereto as Exs. 80-85 are true and correct copies of screenshots from tinymixtapes.com, Twitter, and YouTube.  And Defendant makes his presence known, having been described as Lil Yachty's "hype man," encouraging and engaging with the crowd throughout the shows.  Ex. 10).

55.     Defendant has traveled to New York on at least four separate occasions to perform with Lil Yachty.  On or about February 23, 2016, Defendant was photographed on stage with Lil Yachty at Webster Hall.  Ex. 7.  On April 25, 2016, Defendant was filmed performing on stage with Lil Yachty at the crowded VFILES boutique in SoHo for the entirety of the show. Ex. 8.  Defendant not only performed under the "Burberry Perry" name, he perpetuated his apparent association with Burberry by providing his autograph to fans as "Burberry Perry."  Ex. 9.  Attached hereto as Exs. 86-89 are true and correct copies of screenshots from Twitter.

56.     Defendant's use of the "Burberry Perry" name has attracted hundreds of comments from fans and media, often lauding his use of the name in the rap world.  Ex. 52. Attached hereto as Ex. 90 is a true and correct copy of a screenshot from Twitter.  For example, a blog post on Mishka NYC titled "Get to Know: Atlanta Producer Burberry Perry" begins by stating: "Burberry Perry might have the best new name in the rap game."  Ex. 52.  Defendant's fans on Twitter have also posted comments such as: "Burberry Perry best producer name hands

down"; "I'm so jealous I didn't think of the rap name Burberry Perry"; and "Burberry Perry is possibly the smoothest stage name." Ex. 90.

57.    The chart below demonstrates Defendant's obvious copying of the Burberry Trademarks and intent to benefit from the brand that admittedly inspired the "Burberry Perry" name and Burberry-dependent persona:

| Genuine Burberry Use | Defendant's Infringing Use[2] |
|:---:|:---:|
|  |  |

---

[2] The image of the infringing artwork has been cropped for comparison.





### Burberry's Attempts to Stop Defendant's Widespread Infringement

58.     Prior to seeking intervention from this Court, and as detailed further below, Burberry undertook extensive efforts to stop Defendant's infringing conduct.  Once it became clear that Defendant had no intention to cease his unauthorized use of the Burberry Trademarks, however, Burberry had no choice but to seek the relief requested herein.

59.     Burberry, through its counsel, sent a cease-and-desist letter to Defendant by FedEx and e-mail on May 10, 2016 (i) explaining Burberry's rights in the Burberry Trademarks,

29

including through attachments of several U.S. trademark registrations for the BURBERRY,
BURBERRY CHECK, and EQUESTRIAN KNIGHT DEVICE trademarks; (ii) identifying the
infringing conduct (use of the "Burberry Perry" name and infringing artwork); (iii) providing
background for its concern given Burberry's involvement in the music industry, including
through BURBERRY ACOUSTIC and Apple Music; and (iv) requesting that Defendant
permanently stop using the "Burberry Perry" name and infringing artwork, and refrain from
using the Burberry Trademarks again in the future without Burberry's authorization.  Burberry
requested that Defendant acknowledge receipt of its letter and confirm in writing by May 17,
2016 that Defendant will take the requested actions.

60.     Defendant failed to respond to Burberry's letter.  But in a telling admission, on
May 16, 2016, Defendant posted the below Tweet, indicating that he did, in fact, receive
Burberry's May 10 letter, and suggesting that he would refrain from using the "Burberry Perry"
name:



Attached hereto as Ex. 91 is a true and correct copy of a screenshot from Twitter.

61.     Despite this, Defendant continued to use the "Burberry Perry" name, the
infringing artwork, and all of the above mentioned social media accounts, intentionally

infringing and diluting Burberry's valuable trademarks.  Therefore, on June 2, 2016, Burberry's counsel sent an email to Defendant (i) explaining that Burberry has yet to receive a response to the May 10 letter, but is aware he received it given the June 2 tweet that he can no longer be "Burberry Perry"; and (ii) asking Defendant to stop using the "Burberry Perry" name and Burberry Trademarks on all social media platforms, including Twitter, Instagram, Facebook, Snapchat, and any other account, as well as on SoundCloud no later than June 7, 2016.

62.    Defendant failed to respond to Burberry's e-mail.  Accordingly, on June 10, 2016, Burberry's counsel sent Defendant a follow-up letter by FedEx and e-mail (i) further detailing its requests from the May 10 letter and June 2 e-mail; (ii) explaining that Burberry would prefer to resolve this matter without resorting to legal action in court; and (iii) requesting that Defendant sign and return a copy of the enclosed letter by June 17, 2016 as Defendant's confirmation that he will take the actions set out therein.

63.    Defendant again failed to respond to Burberry's June 10 letter.  However, on or around June 20, Burberry noticed that Defendant removed the infringing artwork from his Twitter, Instagram, Facebook, and SoundCloud pages.  While the "Burberry Perry" album remained titled as such, the infringing artwork was replaced with a blank yellow album cover. Attached hereto as Ex. 92 is a true and correct copy of a screenshot from SoundCloud.com. Burberry believed that this step from Defendant meant that Defendant would cease his remaining infringing uses of the Burberry Trademarks as required by Burberry.  But Defendant failed to take additional steps to cease all infringing conduct.

64.    When Defendant failed to take additional steps to stop using the Burberry Trademarks, Burberry's counsel sent Defendant another follow-up letter on June 22, 2016.  The letter (i) stated that, while Defendant had removed the infringing artwork from various social

media pages, there is no evidence that Defendant has ceased using the "Burberry Perry" name or that he is in the process of doing so; (ii) provided examples of such remaining uses of the "Burberry Perry" name that continue to infringe the Burberry Trademarks; (iii) highlighted Burberry's U.S. trademark Registration No. 4,212,001 for BURBERRY in connection with "audio recordings featuring music, video, ... digital music downloadable from the internet," and "production and online distribution of sound, music, and video recordings in the fields of music and fashion," attaching a copy of the registration certificate; and (iv) again requested that Defendant sign and return the enclosed copy of the letter by June 29, 2016 as confirmation that he will permanently stop using the Burberry Trademarks.

65.     In a further effort to resolve this matter, Burberry reached out to Defendant's management company, Solid Foundation Management, LLC ("Solid Foundation") in hopes that Solid Foundation could help Burberry communicate with Defendant.  Burberry's counsel made multiple attempts to call different numbers for Solid Foundation and its owners on June 30, July 1, July 5, and July 8, 2016.  Burberry's counsel left voicemails when possible.  Burberry was unable to reach anyone from Solid Foundation, and no one returned the calls.

66.     On July 14, 2016, Burberry sent an e-mail to Solid Foundation briefly explaining the situation and asking if it could assist Burberry in getting in touch with Defendant to resolve this matter amicably.  Burberry requested a response as soon as possible, but no later than July 20, 2016.  Solid Foundation did not respond.

**Defendant's Intent to Continue Infringing and Diluting Burberry's Trademarks**

67.     Despite Burberry's multiple and specific requests for Defendant to cease using the Burberry Trademarks, Defendant's use remains prevalent on his social media accounts. In fact, according to a tweet on July 22, 2016, Defendant plans to release a new song under the

"Burberry Perry" name before August.  Attached hereto as Ex. 93 is a true and correct copy of a screenshot from Twitter.  In a live Periscope broadcast held on July 10, 2016, Defendant told fans "I will be dropping a single soon."  Attached hereto as Ex. 94 is a true and correct copy of a video captured from Periscope at: https://www.periscope.tv/BurberryPerry/1ynJOPDZdkQxR (*see* 1:50).  And when a Periscope user asked him when he will release new music, Defendant responded: "I will drop another tape in September. September. September, yes I will drop another tape."  *Id*. at 2:03.

68.     Defendant has continued to perform on stage as "Burberry Perry" at concerts around the country, including at a concert on or around June 28, 2016 at the PlayStation Theater in New York.  Ex. 12.  And in August and September 2016, Defendant intends to embark on a month-long tour to cities across the U.S. and in Canada.  Attached hereto as Exs. 95-97 are true and correct copies of screenshots from tinymixtapes.com and Twitter.

69.     Defendant also failed to delete from his @BurberryPerry Twitter page "retweets," or re-posts, of other users' use of the infringing artwork, such as in links to articles publicizing the "Burberry Perry" album.  Attached hereto as Ex. 98 are true and correct copies of screenshots from Twitter.[3]

70.     Defendant has also suggested to his fans that he will begin offering additional services under the "Burberry Perry" name, further illustrating the harm to Burberry if he is not enjoined.  In the July 10 Periscope broadcast, a user asked if Defendant could "sign" him as an artist.  Defendant responded that he does not sign anybody…yet.  Ex. 94, at 4:05.  Similarly, in a July 11 Periscope broadcast, Defendant agreed with Periscope users that he "need[s] some solo

---

[3] While these posts were originally created by another user, Defendant caused the post containing the infringing artwork to be displayed on his @BurberryPerry Twitter page, and was the only user that could delete the post from his Twitter page.

shows."  Attached hereto as Ex. 99 is a true and correct copy of a video captured from Periscope

at:  https://www.periscope.tv/w/1BdGYXqyAEyKX (*see* 7:15).   Later, a Periscope user asked

Defendant how much he charges for a feature on a song.  Defendant instructed the user to email

him at burberryperry@gmail.com.  *Id*. at 10:00.  Finally, when a Periscope user asked Defendant

whether he does "DJ drops," Defendant responded "not *yet*."  *Id*. at 10:31 (emphasis added).

### **Irreparable Harm to Burberry's Reputation and Goodwill**

71.     Just like the "Live for Burberry" and BURBERRY ACOUSTIC albums created

with Burberry's carefully curated group of artists, the "Lil Boat The Mixtape" and "Summer

Songs 2" albums are available for streaming on subscription-based music streaming services

Spotify and Apple Music.  In this industry, consumers do not exercise the same level of care in

choosing music on Spotify and Apple Music as they would in choosing a leather coat or

cashmere scarf in a Burberry store.  After paying their small monthly fee, subscribers to these

music services are free to explore and listen to as many new songs as they please.  Burberry is

especially likely to suffer irreparable harm by Defendant's unauthorized use of the "Burberry

Perry" name on these music services given the high likelihood that a user will mistakenly click

on a "Burberry Perry" song while searching for a BURBERRY ACOUSTIC song.  Indeed, when

a user searches for "Burberry" on Apple Music or Spotify, results for songs featuring Defendant

are mixed among songs by artists legitimately associated with Burberry.  Attached hereto as Exs.

100 and 101 are true and correct copies of screenshots from the Apple Music iPhone application

and Spotify.com, respectively.  The same mixed result occurs when a user searches "Burberry"

to purchase a song in the iTunes store.  Attached hereto as Ex. 102 is a true and correct copy of a

screenshot from the iTunes Store iPhone application.

72.     Defendant's fans and various media outlets often shorten Defendant's infringing alias to simply "Burberry."   Attached hereto as Exs. 103-106 are true and correct copies of screenshots from newsgrio.com, Instagram, Twitter, and Periscope, respectively.  For example, during the July 9 Periscope broadcast, one user commented to Defendant, "Burberry I want to book you and yachty."  Ex. 106.

73.     It is clear that Defendant has successfully created an association between himself and the Burberry brand that inspired his "Burberry Perry" name.  Many users tag Defendant's @BurberryPerry Twitter handle in photos of themselves wearing BURBERRY or "Burberry"-inspired clothing, including clothing bearing the BURBERRY CHECK trademark.   Attached hereto as Exs. 107-109 are true and correct copies of screenshots from Twitter.  Defendant's fans have also sent via Twitter fan art depicting Defendant in Burberry clothing.  Attached hereto as Exs. 110-113 are true and correct copies of screenshots from Instagram, and Twitter.   During Defendant's July 9 Periscope broadcast, a Periscope user commented to Defendant, "Burberry is your favorite designer."   Attached hereto as Ex. 114 is a true and correct copy of a screenshot from Periscope.  Defendant has embraced this association with Burberry, often retweeting posts such as the one below posted by "Father Nico," the creator of Defendant's infringing artwork:



Attached hereto as Ex. 115 is a true and correct copy of a screenshot from Twitter.

74.     Defendant is not authorized and has never been authorized by Burberry to produce, manufacture, distribute, advertise, offer for sale, and/or sell products or services bearing the Burberry Trademarks or any variation thereof.

75.     Upon information and belief, Defendant is aware of the extraordinary fame and strength of the Burberry and the Burberry Trademarks, including the BURBERRY, BURBERRY CHECK and EQUESTRIAN KNIGHT DEVICE trademarks, and the goodwill associated therewith.

76.     Upon information and belief, Defendant is actively using, promoting, and otherwise advertising, distributing, selling, and/or offering for sale music and related services under the "Burberry Perry" name with the knowledge that such goods and services will be mistaken for goods and services genuinely associated or authorized by Burberry.

77.     Upon information and belief, Defendant has conducted infringing activities within this judicial district and elsewhere throughout New York, as well as throughout the United States.

78.     Defendant's use of unauthorized reproductions of the Burberry Trademarks and variations thereof in connection with the manufacturing, advertising, promoting, distributing, performing, producing, offering for sale, and/or selling of music and related services misleads consumers to believe that there is a connection or association between genuine Burberry goods and services and Defendant's goods and services.

79.     Defendant's use of the Burberry Trademarks has caused actual harm and is likely to continue to cause harm to Burberry by diluting and weakening the unique and distinctive significance and quality of the Burberry Trademarks to identify Burberry's goods and services, and by tarnishing the Burberry Trademarks and the Burberry brand in the minds of consumers.

80.     Burberry is suffering irreparable injury and has suffered substantial damage as a result of Defendant's infringement and unlawful activities.

81.     Burberry has no adequate remedy at law.

### FIRST CLAIM FOR RELIEF
**(Trademark Infringement – 15 U.S.C. § 1114)**

82.     Burberry incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

83.     The Burberry Trademarks are nationally recognized, including within this judicial district, as being affixed to goods originating with Burberry.

84.     As described above, Burberry owns the distinctive Burberry Trademarks, including the BURBERRY, BURBERRY CHECK, and EQUESTRIAN KNIGHT DEVICE trademarks, all in connection with a variety of goods and services, including music.

85.     The registrations embodying Burberry's registered trademarks, many of which are incontestable, are in full force and effect, and are entitled to protection under both federal and common law.

86.     Burberry's ownership and exclusive use in commerce of the Burberry Trademarks significantly predates the use by Defendant of the "Burberry Perry" name and the infringing artwork.

87.     Defendant is infringing the Burberry Trademarks in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of music and related services under the "Burberry Perry" name.

88.     Defendant's use of the Burberry Trademarks is without Burberry's permission or authority and is in total and willful disregard of Burberry's rights to control its trademarks.

89.     Defendant's unauthorized use in commerce of the "Burberry Perry" name and the infringing artwork, as described above, constitutes trademark infringement in violation of 15 U.S.C. § 1114 in that it is without Burberry's consent and is likely to cause confusion, mistake, and/or deception among consumers.

90.     Upon information and belief, Defendant is and was at all relevant times both actually and constructively aware of Burberry's prior use, ownership, and registration, and Defendant's conduct is therefore willful and intentional and intended to confuse the public as to

the source of Defendant's products, and to injure Burberry and reap the benefit of Burberry's goodwill associated with the registered Burberry Trademarks.

91.     As a direct and proximate result of Defendant's willful and unlawful conduct in violation of 15 U.S.C. § 1114, Burberry has been damaged and will continue to be damaged.

92.     Defendant's conduct has caused, is causing, and will continue to cause Burberry to suffer irreparable harm, and unless Defendant is restrained, Burberry will continue to be so damaged, because it has no adequate remedy at law.

93.     In light of the foregoing, Burberry is entitled to injunctive relief prohibiting Defendant from using the registered Burberry Trademarks or any marks identical and/or confusingly similar thereto for any purpose.

**SECOND CLAIM FOR RELIEF**
**(False Designation of Origin – 15 U.S.C. § 1125(a))**

94.     Burberry incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

95.     As described above, Burberry owns the distinctive Burberry Trademarks, all in connection with a variety of goods and services, including clothing, accessories, and music.

96.     Burberry's ownership and exclusive use in commerce of the Burberry Trademark significantly predates the use by Defendant of the "Burberry Perry" name and the infringing artwork.

97.     Defendant uses the "Burberry Perry" name and the infringing artwork in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of music and related services under the "Burberry Perry" name.

98.     Defendant's use of the Burberry Trademarks is without Burberry's permission or authority and is in total and willful disregard of Burberry's rights to control its trademarks.

99.     Defendant's unauthorized use in commerce of the "Burberry Perry" name and infringing artwork, and advertising of the same, as described above, constitutes false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A) in that it is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Burberry and/or as to the origin, sponsorship, or approval by Burberry of Defendant's goods, services, or commercial activity.

100.     Upon information and belief, Defendant is and was at all relevant times both actually and constructively aware of Burberry's prior use, ownership, and registration, and Defendant's conduct is therefore willful and intentional and intended to confuse the public as to the source of Defendant's products, and to injure Burberry and reap the benefit of Burberry's goodwill associated with the Burberry Trademarks.

101.     As a direct and proximate result of Defendant's willful and unlawful conduct in violation of 15 U.S.C. § 1125, Burberry has been damaged and will continue to be damaged.

102.     Defendant's conduct has caused, is causing, and will continue to cause Burberry to suffer irreparable harm, and unless Defendant is restrained, Burberry will continue to be so damaged, because it has no adequate remedy at law.

103.     In light of the foregoing, Burberry is entitled to injunctive relief prohibiting Defendant from using the Burberry Trademarks or any marks identical and/or confusingly similar thereto for any purpose.

### THIRD CLAIM FOR RELIEF
**(Trademark Dilution – 15 U.S.C. § 1125(c))**

104.     Burberry incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

105.    As described above, Burberry owns the distinctive Burberry Trademarks, all in connection with a variety of goods and services, including clothing, accessories, and music.

106.    Burberry's ownership and exclusive use in commerce of the Burberry Trademarks significantly predates the use by Defendant of the "Burberry Perry" name and the infringing artwork.

107.    Through consistent and continued use, product promotion, and consumer and industry recognition, the Burberry Trademarks are "famous" within the meaning of the Lanham Act. *Burberry Ltd. v. Euro Moda, Inc.*, No. 08 Civ. 5781 (CM), 2009 WL 1675080, at *12 (S.D.N.Y. June 10, 2009) (holding that the Burberry Trademarks are famous due to Burberry's strong retail and prominent advertising presence, substantial sales revenue, and brand recognition in the United States).  Defendant did not begin using the "Burberry Perry" name or infringing artwork in commerce until well after the Burberry Trademarks became famous.

108.    Defendant uses the "Burberry Perry" name and the infringing artwork in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of music and related services under the "Burberry Perry" name.

109.    Defendant's use of the Burberry Trademarks is without Burberry's permission or authority and is in total and willful disregard of Burberry's rights to control its trademarks.

110.    Defendant's unauthorized use of the "Burberry Perry" name and infringing artwork in the context of music and related services is likely to cause dilution, by blurring and/or tarnishment, of the distinctive qualities of the BURBERRY, BURBERRY CHECK, and EQUESTRIAN KNIGHT DEVICE trademarks in violation of 15 U.S.C. § 1125(c).

111.    Upon information and belief, Defendant is and was at all relevant times both actually and constructively aware of Burberry's prior use, ownership, and registration, and

Defendant's conduct is therefore willful and intentional and intended to confuse the public as to the source of Defendant's products, and to injure Burberry and reap the benefit of Burberry's goodwill associated with the Burberry Trademarks.

112. As a direct and proximate result of Defendant's willful and unlawful conduct in violation of 15 U.S.C. § 1125, Burberry has been damaged and will continue to be damaged.

113. Defendant's conduct has caused, is causing, and will continue to cause Burberry to suffer irreparable harm, and unless Defendant is restrained, Burberry will continue to be so damaged, because it has no adequate remedy at law.

114. In light of the foregoing, Burberry is entitled to injunctive relief prohibiting Defendant from using the Burberry Trademarks or any marks identical and/or confusingly similar thereto for any purpose.

## FOURTH CLAIM FOR RELIEF
### (Dilution and Injury to Business Reputation – N.Y. General Business Law § 360-l)

115. Burberry incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

116. As described above, Burberry owns the distinctive Burberry Trademarks, all in connection with a variety of goods and services, including clothing, accessories, and music.

117. Through consistent and continued use, product promotion (including in New York), and consumer and industry recognition, the Burberry Trademarks are "famous" within the meaning of the Lanham Act. Defendant did not begin using the "Burberry Perry" name and the infringing artwork until well after the Burberry Trademarks became famous.

118. Burberry's ownership and exclusive use in commerce of the Burberry Trademarks significantly predates the use by Defendant of the "Burberry Perry" name and the infringing artwork.

119.    Defendant uses the "Burberry Perry" name and the infringing artwork in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of music and related services under the "Burberry Perry" name.

120.    Defendant's use of the "Burberry Perry" name and the infringing artwork is without Burberry's permission or authority and is in total disregard of Burberry's rights to control its trademarks.

121.    Defendant's unauthorized use of the "Burberry Perry" name and infringing artwork in the context of music and related services confusingly similar to Burberry's music offerings is likely to cause dilution of the distinctive qualities of the Burberry Trademarks in violation of New York General Business Law § 360-l.

122.    Upon information and belief, Defendant is and was at all relevant times both actually and constructively aware of Burberry's prior use, ownership, and registration, and Defendant's conduct is therefore willful and intentional and intended to confuse the public as to the source of Defendant's products, and to injure Burberry and reap the benefit of Burberry's goodwill associated with the Burberry Trademarks.

123.    By the acts described above, Defendant has caused, is causing, and will continue to cause irreparable injury to Burberry's goodwill and business reputation, in violation of New York General Business Law § 360-l.

124.    As a direct and proximate result of Defendant's violations of New York General Business Law § 360-l, Burberry has been and will continue to be damaged.

125.    Defendant's conduct has caused, is causing, and will continue to cause Burberry to suffer irreparable harm, and unless Defendant is restrained, Burberry will continue to be so damaged, because it has no adequate remedy at law.

126.   In light of the foregoing, Burberry is entitled to injunctive relief prohibiting Defendant from using the Burberry Trademarks or any marks identical and/or confusingly similar thereto for any purpose.

**FIFTH CLAIM FOR RELIEF**
**(New York Statutory and Common Law Trademark Infringement –**
**N.Y. General Business Law § 360-o)**

127.   Burberry incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

128.   As described above, Burberry owns the distinctive Burberry Trademarks, all in connection with a variety of goods and services, including clothing, accessories, and music.

129.   Burberry's ownership and exclusive use in commerce of the Burberry Trademarks significantly predates the use by Defendant of the "Burberry Perry" name and infringing artwork.

130.   Defendant uses the "Burberry Perry" name and the infringing artwork in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of music and related services under the "Burberry Perry" name.

131.   Defendant's use of the "Burberry Perry" name and the infringing artwork is without Burberry's permission or authority and is in total disregard of Burberry's rights to control its trademarks.

132.   Defendant's unauthorized use in commerce of the "Burberry Perry" name and infringing artwork, as described above, is likely to cause confusion among relevant consumers.

133.   Defendant's acts constitute trademark infringement in violation of the law of the State of New York.

134.   Upon information and belief, Defendant is and was at all relevant times both actually and constructively aware of Burberry's prior use, ownership, and registration, and

Defendant's conduct is therefore willful and intentional and intended to confuse the public as to the source of Defendant's products, and to injure Burberry and reap the benefit of Burberry's goodwill associated with the Burberry Trademarks.

135.    As a direct and proximate result of Defendant's trademark infringement in violation of the law of the State of New York, Burberry has been and will continue to be damaged.

136.    Defendant's conduct has caused, is causing, and will continue to cause Burberry to suffer irreparable harm, and unless Defendant is restrained, Burberry will continue to be so damaged, because it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Burberry respectfully prays that this Court enter judgment in its favor and against Defendant as follows:

A.    Granting each of the claims for relief herein, in favor of Burberry and against Defendant;

B.    Preliminarily and permanently enjoining and restraining Defendant, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, permanently from:

(1)    Using the Burberry Trademarks and any confusingly similar designation as a trademark, service mark, trade name component, title, stage name, Internet domain name, or otherwise, to market, advertise, distribute, sell, produce, promote, offer for sale, sell, or identify any business, products, or services, in the United States;

(2)    Displaying the Burberry Trademarks and any confusingly similar designation on any advertising, album artwork, promotional material, websites, and social

45

media accounts, including but not limited to, SoundCloud, Spotify, Apple Music, iTunes Store, Twitter, Instagram, Snapchat, Facebook, Periscope, Gmail, and wherever else the same may appear;

(3)     Using "Burberry Perry" or "Burberry" as or as part of a username and/or account name, on any website or social media platform, including but not limited to, SoundCloud, Spotify, Apple Music, iTunes Store, Twitter, Instagram, Snapchat, Facebook, Periscope, and Gmail;

(4)     Doing any other act likely to induce the confusion or mistaken belief that Defendant or his business, products, services, or other commercial activities are in any way affiliated, connected, or associated with Burberry;

(5)     Engaging in any activity under the "Burberry Perry" name;

(6)     Engaging in any other activity constituting unfair competition with Burberry, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Burberry;

(7)     Engaging in any other activity that would dilute the distinctiveness of the Burberry Trademarks; and

(8)     Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Burberry;

C.     Ordering Defendant to file with this Court and serve on Burberry within ten (10) days after entry of the injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

46

D.      Such other relief as may be just and proper.

*****


Dated:  July 25, 2016                    Respectfully submitted,

                                         /s/ Vivian Cheng
                                         FISH & RICHARDSON P.C.


                                         Natalie L. Arbaugh (*pro hac vice forthcoming*)
                                         Tom Melsheimer (*pro hac vice forthcoming*)
                                         1717 Main Street, Suite 5000
                                         Dallas, TX 75201
                                         Tel: (214) 478-3302
                                         Fax: (214) 747-2091
                                         arbaugh@fr.com
                                         melsheimer@fr.com

                                         Vivian Cheng
                                         601 Lexington Avenue, 52nd Floor
                                         New York, New York 10022
                                         Tel: (212) 765-5070
                                         Fax: (212) 258-2291
                                         cheng@fr.com

                                         *Attorneys for Plaintiffs*
                                         *Burberry Limited, a United Kingdom Corporation*
                                         *and Burberry Limited, a New York Corporation*

## VERIFICATION

Under penalty of perjury under the laws of the United States of America   and the State of
New York, I declare that I have read the foregoing, and that the facts alleged therein are true and
correct to the best of my knowledge and belief. I understand that a false statement in this
Verification will subject me to penalties of perjury.

Melissa Roth, Esq.
Director of Brand Protection, Americas
Dated this 25th day of July, 2016.        Burberry

SUBSCRIBED AND SWORN TO before me, on the
25th day of July, 2016

KRISTEN ANN MCCALLION
NOTARY PUBLIC-STATE OF NEW YORK
No. 02MC6168011
Qualified in Bronx County
My Commission Expires June 04, 2017   2017